J-A10024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DENNIS GERALD MAISEY | : | |
| | : | |
| Appellant | : | No. 1238 MDA 2021 |

Appeal from the PCRA Order Entered September 9, 2021,
in the Court of Common Pleas of Columbia County,
Criminal Division at No(s): CP-19-CR-0000145-2019.

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DENNIS GERALD MAISEY | : | |
| | : | |
| Appellant | : | No. 1239 MDA 2021 |

Appeal from the PCRA Order Entered September 9, 2021,
in the Court of Common Pleas of Columbia County,
Criminal Division at No(s): CP-19-CR-0000146-2019.

BEFORE: PANELLA, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED: JUNE 13, 2022**

Dennis Gerald Maisey appeals from the order denying his first petition

for relief pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§

9541-46. In addition, Maisey's court-appointed counsel has filed an **Anders**[1] brief. We remand with instructions.

On July 5, 2019, Maisey entered a guilty plea at multiple dockets to crimes including robbery of a local bank and the armed robbery of a local dollar store. Thereafter, the trial court sentenced him to a mitigated sentence at four of the dockets. Although the trial court ran these sentences consecutively, the sentences on the seven remaining dockets were imposed concurrently. This resulted in an aggregate sentence of 90 to 240 months of imprisonment. Maisey did not file a post-sentence motion or a direct appeal.

On January 23, 2020, Maisey filed a *pro se* PCRA petition. Thereafter, the PCRA court appointed counsel, who filed a supplemental petition. On August 27, 2021, the court held an evidentiary hearing at which Maisey and trial counsel testified. By order entered September 9, 2021, the PCRA court dismissed Maisey's petition. Maisey filed a timely appeal at each docket, which we consolidated.

Before addressing the issues discussed in PCRA counsel's **Anders** brief, we note the following: On September 28, 2021, the PCRA court directed Maisey to file Pa.R.A.P. 1925(b) statement of errors complained of on appeal. In response, PCRA counsel filed a concise statement in which he averred "[he] is not aware of any meritorious issue to present on [a]ppeal and counsel is

---

[1] **Anders v. California**, 386 U.S. 738 (1967).

therefore bound to file an Ander's [sic] brief." Concise Statement, 10/15/21, at 1. Based on this filing, the PCRA court did not file a Pa.R.A.P. 1925(a) opinion.

Because PCRA counsel believed that these consolidated appeals from the denial of post-conviction relief were frivolous, he was required to file a petition to withdraw and a "no-merit" letter pursuant to the dictates of **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). As noted above, PCRA counsel filed an **Anders** brief with this Court on January 24, 2022.

Upon preliminary review, we determined that PCRA counsel did not comply with the procedural and substantive requirements of **Anders**, **supra**, and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). Specifically, PCRA counsel did not file a petition to withdraw or a letter advising Maisey of his rights pursuant to **Commonwealth v. Millisock**, 843 A.2d 748 (Pa. Super. 2005).[2]

This Court entered an order on January 28, 2022, directing counsel to file a petition to withdraw, a proof of service on Maisey, and a **Millisock** letter, and to provide a copy of the same to Maisey within fourteen days. Counsel failed to comply with this order. Accordingly, on February 22, 2022, this Court

---

[2] Alternatively, PCRA counsel could have filed the appropriate "no merit" letter and petition to withdraw pursuant to **Turner**/**Finley**.

entered a second order directing counsel to file a petition to withdraw, a proof of service on Maisey, and a **Millisock** letter, and to provide a copy of the same to Maisey within seven days. To date, PCRA counsel has failed to comply with this Court's directives.[3]

Given PCRA counsel's blatant and repeated failure to comply with this Court's directives, we remand this appeal so that the PCRA court may remove counsel and appoint new counsel within fifteen days of this memorandum. New counsel shall file either an advocate's brief or a **Turner**/**Finley** "no-merit" letter and petition to withdraw within sixty days following his or her appointment.

Case remanded for proceedings consistent with this memorandum. Jurisdiction retained.

---

[3] For his part, on February 28, 2022, Maisey filed a *pro se* response to PCRA counsel's **Anders** brief, in which he requested to supplement the brief and argued the merits of his appeal.